UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORY ARMES, | 1:16-cv-01847-GSA (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR EARLY DISCOVERY, WITHOUT PREJUDICE |
| vs. | (ECF No. 16.) |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

**I.  BACKGROUND**

Plaintiff is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on November 29, 2016. (ECF No. 1.) On September 15, 2017, the court issued an order dismissing the Complaint for failure to state a claim, with leave to amend. (ECF No. 9.) On March 21, 2018, Plaintiff filed the First Amended Complaint. (ECF No. 17.)

On March 21, 2018, Plaintiff filed a motion for the court to assist him in identifying a Doe Defendant. (ECF No. 16.) The court construes Plaintiff's motion as a motion for leave to conduct early discovery to identify a Doe Defendant.

## II. REQUEST TO CONDUCT EARLY DISCOVERY

In a civil rights action brought by a plaintiff without the assistance of counsel, early discovery is available in certain circumstances. For example, the Ninth Circuit has held, "'[W]here the identity of the alleged defendant is not known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'" Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). In Gillespie, the plaintiff, proceeding *pro se,* filed a civil rights action against several U.S. Marshals, prison officials, and prison guards. However, the complaint did not name *all* of the defendants. Instead, the plaintiff identified the unknown defendants as "John Doe" and "filed interrogatories requesting from the named defendants the names and addresses of the [unnamed defendants]." Gillespie, 629 F.2d at 642–43. The district court denied the request for discovery and dismissed the complaint, but the Ninth Circuit reversed and held that the "district court abused its discretion in not permitting the discovery sought by the [prisoner] ... [as][i]t was very likely that the answers to the interrogatories would have disclosed the identities of the 'John Doe' defendants." Id. at 643.

The facts in the present case are distinguishable from those in Gillespie. Here, Plaintiff's First Amended Complaint was just filed and awaits the court's screening under 28 U.S.C. § 1915(e)(2). The case shall not go forward until the court has screened Plaintiff's First Amended Complaint and determined that it states cognizable claims against one or more of the defendants. At this stage of the proceedings, it is possible that the complaint will be dismissed during the screening stage on grounds entirely unrelated to identification of the defendants. The court will, *sua sponte*, direct the United States Marshal to serve the complaint only after the court has screened the complaint and found cognizable claims for relief. Thus, Plaintiff's motion for discovery is premature and shall be denied, without prejudice to renewal of the motion at a later stage of the proceedings.

///

### III. CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion to conduct early discovery, filed on March 21, 2018, is DENIED as premature, without prejudice.

IT IS SO ORDERED.

Dated: **March 27, 2018**         **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE