UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORY ARMES,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　Defendants. | 1:16-cv-01847-AWI-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM**<br>**(ECF No. 17.)**<br><br>**OBJECTIONS, IF ANY, DUE IN FOURTEEN DAYS** |

**I.　　BACKGROUND**

Kory Armes ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On November 29, 2016, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) On September 15, 2017, the court screened the Complaint and issued an order dismissing the Complaint for failure to state a claim, with leave to amend. (ECF No. 9.) On March 21, 2018, Plaintiff filed the First Amended Complaint, which is now before the court for screening. 28 U.S.C. § 1915A. (ECF No. 17.)

**II.　　SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

1

The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### III. SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at High Desert State Prison in Susanville, California, in the custody of the California Department of Corrections and Rehabilitation. The events in the First Amended Complaint allegedly occurred at Wasco State Prison (WSP) in Wasco, California, when Plaintiff was incarcerated there. Plaintiff names as defendants Correctional Officer (C/O) Silva, C/O Hernandez, C/O Barajas, and John Doe #1 (C/O).

Plaintiff's allegations follow. On August 2, 2016, at approximately 8:40 a.m., WSP D6 facility officers began running escorts to the outdoor recreation cages. John Doe #1 came to Plaintiff's cell with several pairs of handcuffs. (Rather than properly escort the inmates, the C/Os usually have one officer handcuff everyone and send them downstairs unescorted to an

officer waiting at the bottom of the stairs.) Plaintiff's cell mate pointed out to the officer that it was dangerous not to escort them down the stairs and that he had a bad hip.

Plaintiff exited the cell first and was instructed to walk down the stairs. He complied. Two steps into Plaintiff's descent, the toe of his shoe caught in the grating of the stairs, causing him to fall forward. Plaintiff instinctively turned his body to attempt to protect his head, and his left shoulder struck the stairs causing him to somersault backwards tumbling approximately three times before reaching the bottom and hitting his head. Defendant Silva ran up waving his arms, mimicking an umpire, and yelled "Safe," laughing. (ECF No. 1 at 5.) Defendant Hernandez started to pick Plaintiff up and continue to the recreation cages, but Plaintiff yelled at him to put him down. Plaintiff complained of head and back pain. A code-1 medical alarm was sounded. Plaintiff was placed on a stretcher and taken to an area to be examined by the prison's doctor. When told what happened, the doctor asked defendant Barajas, "What do you mean he fell down the stairs handcuffed behind his back -- aren't you supposed to escort him?" (ECF No. 17 at 4:24-26.) Defendant Barajas responded, "Yes, we are. But we don't. We just kind of short cut it and pass them along." (ECF No. 17 at 4:27-28.) Plaintiff contends that with this statement defendant Barajas admits that he and his co-workers knew of the risk and that they weren't following protocol. From there, Plaintiff was transferred to the emergency room at San Joaquin Medical Center via ambulance.

Plaintiff requests monetary damages.

## IV. PLAINTIFF'S EIGHTH AMENDMENT FAILURE TO PROTECT CLAIM

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386,

3

393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Id. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmate's safety." Farmer, 511 U.S. at 834. The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently "substantial risk of serious harm" to his future health. Id. at 843 (citing Helling v. McKinney, 509 U.S. 25, 35 (1993)). The Supreme Court has explained that "deliberate indifference entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." Farmer, 511 U.S. at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." Id. at 836-37.

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Id. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

Plaintiff has shown that he was seriously harmed when he fell down the stairs. However, Plaintiff has not shown that any of the Defendants acted with deliberate indifference by failing to prevent, or contributing to Plaintiff's fall. Plaintiff has not alleged facts demonstrating that any of the Defendants knew that Plaintiff was at substantial risk of serious harm and yet acted, or failed to act, while deliberately ignoring the risk. At most, Plaintiff states a claim for negligence, which is not actionable under § 1983. To satisfy the subjective prong, a plaintiff must show more than mere inadvertence or negligence. Neither negligence nor gross negligence will constitute deliberate indifference. Farmer at 833, & n. 4; Estelle v. Gamble, 429 U.S. 97, 106 (1976). The Farmer court concluded that "subjective recklessness as used in the criminal law is a familiar and workable standard that is consistent with the Cruel and Unusual Punishments Clause" and

///

adopted this as the test for deliberate indifference under the Eighth Amendment. Farmer at 839-40. Plaintiff has not shown that any of the Defendants knowingly acted recklessly.

Therefore, Plaintiff fails to state an Eighth Amendment claim against any of the Defendants for failing to protect him.

## V. CONCLUSION AND RECOMMENDATIONS

The court finds that Plaintiff's First Amended Complaint fails to state any claim upon which relief may be granted under § 1983. The court previously granted Plaintiff leave to amend the complaint, with ample guidance by the court. Plaintiff has now filed two complaints without stating any claims upon which relief may be granted. The court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, it is **HEREBY RECOMMENDED** that:

1. This case be DISMISSED, with prejudice, for failure to state a claim; and
2. The Clerk's Office be DIRECTED to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** from the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __August 26, 2018__         __/s/ Gary S. Austin__
                                               UNITED STATES MAGISTRATE JUDGE